1  Thane Charman
2  2270 Boundary St
   San Diego, CA 92104
3  Telephone: 800-673-4384
4  Email: OBEY.TCPA@GMAIL.COM

5  Plaintiff, Pro Se

6

7

**FILED**

Apr 17 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         s/ STN         DEPUTY

8

9        UNITED STATES DISTRICT COURT

10       SOUTHERN DISTRICT OF CALIFORNIA

11

12  THANE CHARMAN, individual          Civil Case No.: **24CV0694 DMS VET**
        Plaintiff,
13                                     1. WILLFUL VIOLATIONS OF THE
14  v.                                 TELEPHONE CONSUMER
                                       PROTECTION ACT [47 U.S.C. §227(b)]
15  SNAP INC., D/B/A SNAPCHAT., a      2. NEGLIGENT VIOLATIONS OF
    DELEWARE INCORPERATION;            TELEPHONE CONSUMER
16                                     PROTECTION ACT [47 U.S.C §227 (b)]
17       Defendants,                   3. WILLFUL VIOLATIONS OF THE
                                       TELEPHONE CONSUMER
18                                     PROTECTION ACT [47 U.S.C. §227(c)]
                                       4. NEGLIGENT VIOLATIONS OF THE
19                                     TELEPHONE CONSUMER
20                                     PROTECTION ACT [47 U.S.C. §227(c)]
                                       5. VIOLATIONS OF THE
21                                     TELEPHONE CONSUMER
22                                     PROTECTION ACT ]47 C.F.R. §
                                       64.1200(d)}
23                                     JURY TRIAL DEMANDED
24

25

26

27

28

COMPLAINT                          1

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1.      The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all automated text messages, in this case in San Diego County, California.

2.      Defendant SNAP INC., D/B/A SNAPCHAT ("Defendant") is an incorporated company organized and existing under the laws of Delaware with a principal address 3000 31st Santa Monica CA 90405

3.      Defendant SNAP INC can be served via CSC - LAWYERS INCORPORATING SERVICE at address 2710 Gateway Oaks Drive, Suite 150N. Sacramento CA 95833-3505.

4.      Whenever the word "Defendants" is used in this lawsuit, it means Snap Inc.

5.      Defendant controlled every aspect of its agent's operations including text marketing.

## JURISDICTION AND VENUE

6.      **Jurisdiction.**  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

16. **Personal Jurisdiction.**  This Court has general personal jurisdiction over the defendant because they have repeatedly placed Text to California residents, and

derive revenue from California residents, and they sell goods and services to California residents, including the Plaintiff, and because the Defendant is a Incorporated Company Headquartered in the Central District of California.

7.

8.     **Venue**. is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the automated text messages for the sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Southern District of California when he received a substantial if not every single automated text message from Defendants that are the subject matter of this lawsuit.

9.     Defendant is, and at all times mentioned herein was, a Delaware company with a principal place of business in California, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendants conducted business in the state of California and in the County of San Diego, and within this judicial district, sending unlawful text messages.

10.    This Court has venue over the Defendants because the automated text messages at issue were sent by or on behalf of the above-named Defendants to the Plaintiff, a California resident.

## THE TELEPHONE CONSUMER PROTECTION ACT

**OF 1991, 47 U.S.C. § 227**

11.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15.     Separately, the TCPA bans telemarketing calls without a do-not-call policy

COMPLAINT                                            4

available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21.    The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22.    Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23.    A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they

had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

24.    Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F .3d 949 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

25.    At all times material hereto Plaintiff's number 619-4X5-12X5 was successfully registered on the Do-Not-Call Registry.

26.    Plaintiff's number 619-4X5-12X5 was registered on the Do-Not-Call Registry in November 2018.

27.    Plaintiff received at least thirty-three (33) unauthorized automated text messages ("the text messages") to his personal cell phone 619-4X5-12X5 from Defendants soliciting their goods and services starting on April 1, 2023.

28.    In order to determine who was behind the text messages, Plaintiff performed a google search on the link embedded in the text from Defendants sent to Plaintiff on June 2, 2023 from the number 224-252-3862.

29.    The link takes you to the website Https://www.snapchat.com/download?sid=a039ef35de1f42f6aa8cd9bc0a24665e

COMPLAINT                                        7

Defendants are doing business as Snapchat.

30.    Table A below displays automated texts made to Plaintiff by Defendants:

## TABLE A

| Call: | Incoming #: | Date-Time: | Redirected To: |
|---|---|---|---|
| 1 | 224-252-3862 | 4/1/23 11:35 AM | website controlled by defendant |
| 2 | 224-252-3862 | 4/3/23 12:14 PM | website controlled by defendant |
| 3 | 224-252-3862 | 4/4/23 3:52 PM | website controlled by defendant |
| 4 | 224-252-3862 | 4/5/23 3:58 PM | website controlled by defendant |
| 5 | 224-252-3862 | 4/7/23 2:57 PM | website controlled by defendant |
| 6 | 224-252-3862 | 4/14/23 3:20 PM | website controlled by defendant |
| 7 | 224-252-3862 | 4/14/23 3:20 PM | website controlled by defendant |
| 8 | 224-252-3862 | 4/14/23 3:20 PM | website controlled by defendant |
| 9 | 224-252-3862 | 4/14/23 3:20 PM | website controlled by defendant |
| 10 | 224-252-3862 | 4/16/23 12:02 PM | website controlled by defendant |
| 11 | 224-252-3862 | 4/17/23 12:22 PM | website controlled by defendant |
| 12 | 224-252-3862 | 4/18/23 12:30 PM | website controlled by defendant |
| 13 | 224-252-3862 | 5/25/23 3:43 PM | website controlled by defendant |
| 14 | 224-252-3862 | 5/26/23 3:49 PM | website controlled by defendant |
| 15 | 224-252-3862 | 5/28/23 3:25 PM | website controlled by defendant |
| 16 | 224-252-3862 | 5/29/23 3:19 PM | website controlled by defendant |
| 17 | 224-252-3862 | 6/2/23 12:16 PM | website controlled by defendant |
| 18 | 224-252-3862 | 6/3/23 12:43 PM | website controlled by defendant |
| 19 | 224-252-3862 | 6/4/23 12:17 PM | website controlled by defendant |
| 20 | 224-252-3862 | 6/5/23 12:34 PM | website controlled by defendant |
| 21 | 224-252-3862 | 6/7/23 3:05 PM | website controlled by defendant |
| 22 | 224-252-3862 | 6/8/23 3:46 PM | website controlled by defendant |
| 23 | 224-252-3862 | 6/9/23 3:47 PM | website controlled by defendant |
| 24 | 224-252-3862 | 6/11/23 3:30 PM | website controlled by defendant |
| 25 | 224-252-3862 | 6/13/23 12:27 PM | website controlled by defendant |
| 26 | 224-252-3862 | 6/14/23 1:33 PM | website controlled by defendant |
| 27 | 224-252-3862 | 6/15/23 1:52 PM | website controlled by defendant |
| 28 | 224-252-3862 | 6/17/23 1:47 PM | website controlled by defendant |
| 29 | 224-252-3862 | 6/19/23 12:47 PM | website controlled by defendant |
| 30 | 224-252-3862 | 6/25/23 7:36 PM | website controlled by defendant |
| 31 | 224-252-3862 | 6/25/23 7:36 PM | website controlled by defendant |
| 32 | 224-252-3862 | 6/26/23 1:30 PM | website controlled by defendant |
| 33 | 224-252-3862 | 6/27/23 1:55 PM | website controlled by defendant |

COMPLAINT                                    8

1

2

3      31.    Defendants are an instant messaging application and service.

4      32.    Defendants solicited Plaintiff to join their service.

5      33.    Defendants did not have any prior existing business relationship with Plaintiff.

6

7      Plaintiff has never been a customer or client of Defendants.

8      34.    Plaintiff did not give Defendants his prior express written consent to receive the

9      text messages.

10

11     35.    The text messages Plaintiff received from Defendants were generated and sent

12     using an ATDS.

13     36.    Plaintiff infers an ATDS was used because the text messages sent by Defendants to

14     Plaintiff:

15

16         a. Are impersonal to Plaintiff and do not address Plaintiff by name;

17         b. Were sent from non-working phone numbers that could not be called back or

18             used to connect to a human being;

19

20         c. Came in rapid succession despite Plaintiff delivering a DNC request to

21             Defendant;

22

23         d. Are identical in structure.

24         e. ATDS is the only reason that explains how Plaintiff's phone number could

25             have been reached by Defendants considering Plaintiff never gave

26             Defendants his phone number;

27

28

COMPLAINT                                       9

f. If ATDS was not used then Defendants purposefully and actively sent

Plaintiff the text messages despite having been delivered a DNC request.

37.   On or about April 1, 2023, Plaintiff received the first of at least 33 text messages from Defendants.

38.   On or about June 9, 2023, Plaintiff, mailed Defendant's a first class letter with return receipt with instructions not to call, text or email thane charman or his cellphone number 6X9-4X5-12X5. Rendering each and every text message after June 24, 2023 a violation of Plaintiff's privacy rights.

39.   For the purposes of demonstrating the solicitation nature of the text messages, Plaintiff lists the content of some of the text messages in paragraphs.

40.   Plaintiff on April 1, 2023 received a text from the number 224-252-3862 the text reads.  Snapchat: You have a new Chat! Tap to view: https://t.snapchat.com/Wy1RXqZu Reply STOP to opt out

41.   Plaintiff on April 14, 2023 at 3:20 PM received the following texts from the number 224-252-3862.  (A) Snapchat: Your friend has added to their Story! Tap to view: https://t.snapchat.com/QDdZx7W4 Reply STOP to opt out". (B) "Snapchat: You have new Snaps! Tap to view: https://t.snapchat.com/l5arUj4j Reply STOP to opt out. (C) Snapchat: Your friend has added to their Story! Tap to view: https://t.snapchat.com/narpWiNb  Reply STOP to opt out (D) Snapchat: Your friend has added to their Story! Tap to view: https://t.snapchat.com/wvkrj3Aj Reply STOP to opt

out.

42.     Plaintiff on May 26, 2023 received a text from the number 224-252-3862 the text reads.  Snapchat: Your friend has added you back! Tap to view: Https://t.snapchat.com/cPcXQfFE Reply STOP to opt out.

43.     Plaintiff on May 29, 2023 received a text from the number 224-252-3862 the text reads. Snapchat: Your friend has added you back! Tap to view: https://t.snapchat.com/E4H188Ak Reply STOP to opt out.

44.     Plaintiff on June 2, 2023 received a text from the number 224-252-3862 the text reads.  "Snapchat: You have new Snaps! Tap to view: https://t.snapchat.com/8Va0Fo0J Reply STOP to opt out"

45.     Plaintiff on the dates of June 9-11-13-14-15-17-19-25-26-27, 2023 received from phone number 224-252-3862 identical text messages except that the hyperlink after t.snapchat.com is different.

46.     The identical text messages read.  Snapchat: Your friend has added you back! Tap to view: https://t.snapchat.com/XXXXX Reply STOP to opt out Reply STOP to opt out"

47.     Each and every text message received by Plaintiff contained a link to a website owned by Defendants.

48.     The marketing messages are impersonal in nature.

49.     No emergency necessitated any of the alleged illegal automated text messages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

50.    Defendant's automated text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

51.    Defendant's automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

52.    Defendant's automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

53.    Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### Plaintiff's cell phone is a residential number

54.    The text messages were to Plaintiff's cellular phone ending 619-4X5-12X5 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

### COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent

55.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

COMPLAINT                                12

56.     Defendants and/or their agents placed automated text messages to Plaintiff's cellular telephone.

57.     Plaintiff never consented to receive automated text messages from Defendants. Plaintiff has had no relationship with Defendants.

58.     Defendant's automated text messages were made for purposes of advertising and marketing their goods and services.  These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

59.     As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful text message campaigns.

60.     Not only did Defendants make these violating automated text messages, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

61.     If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

62.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

64.    Plaintiff was statutorily damaged at least thirty-three (33) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the automated text messages described above, in the amount of $500 per automated text message.

65.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

66.    Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:
**Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**

67.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68.     The foregoing acts and omissions of Defendants  and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

     a.  A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

     b.  Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

     c.  In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

69.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

70.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

     WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendants jointly and severally as follows:

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

COMPLAINT                                    15

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violates the TCPA and California state law;

C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for thirty-three (33) automated text messages.

E.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for thirty-three (33) automated text messages.

F.      An award to Mr. Charman of damages, as allowed by law under the TCPA;

G.      An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H.      Such further relief as the Court deems necessary, just, and proper.

JURY TRIAL DEMANDED

COMPLAINT                                    16

Dated: April 17, 2024          respectfully submitted,


By:  s/ Thane charman

THANE CHARMAN
*Plaintiff, Pro Se*